UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOARD 11 COLLECTIVE
ACCOUNT TRUST, etc., et al.,

    Plaintiffs,

v.                                                CASE NO. 3:23-cv-722-BJD-JBT

JAM ELECTRIC, LLC,
etc.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiffs' Renewed Motion for Entry of Default Final Judgment as to Liability ("Motion") (Doc. 19). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent that a partial default judgment as to liability be entered in favor of Plaintiffs and against Defendant, and that the Court order Defendant to permit Plaintiffs to audit its books and records.

    **I.**    **Background**

Board 11 Collective Account Trust is suing on behalf of the NECA-IBEW Local 1205 Pension Fund, the National Electrical Benefit Fund, the NECA-IBEW Family Insurance Benefit Fund, and the NECA-IBEW Family Medical Trust Fund ("Funds"). Also suing are two trustees of the Funds ("Trustees"). Plaintiffs claim that Defendant Jam Electric, LLC failed to make prompt payments and accurately

report employee work status under a collective bargaining agreement and 29 U.S.C. § 1145.  (Doc. 6 at 2–6.)  Defendant has failed to appear, prompting Plaintiffs to seek and obtain a default.  (Docs. 10 & 11.)  Plaintiffs now move for partial default judgment as to liability and for an order allowing Plaintiffs to audit Defendant's books and records.

The International Brotherhood of Electrical Workers Union Local No. 1205 and the National Electrical Contractors Association, North Florida Chapter, Inc., executed a collective bargaining agreement, to which Defendant assented, requiring Defendant to file monthly remittance reports and make prompt contributions to the Funds.  (Doc. 6-1; Doc. 6-2 at 11, 26.)  Associated with the bargaining agreement are trust agreements, which include rules and regulations adopted by Fund Trustees ("Trust Agreement Rules").  (Doc. 6 at 4–5; Doc. 6-1.)  The Funds' Payroll Audit Policy allows for the Fund Trustees to periodically audit employers' books and records.  (Doc. 6-3.)  Defendant has not made fund contributions since October 2022, has not filed monthly remittance reports regarding covered employee work, and has not responded to audit requests.  (Doc. 6 at 6–8, 12.)  Thus, Plaintiffs seek a partial default judgment as to liability and an order permitting a books and records audit to elucidate the amount of unpaid contributions.

## II.     Standard

Before the Court enters a default judgment, a plaintiff must show, by affidavit or otherwise, defendant's failure to plead or otherwise defend a lawsuit, and that a

2

default has been entered.  Fed. R. Civ. P. 55(a).  After entry of the default, the plaintiff must apply to the Court for a default judgment, except in limited circumstances when application may be made to the clerk.  Fed. R. Civ. P. 55(b).

The Court must also ensure that it has subject matter jurisdiction over the claims and that the well-pled factual allegations of the complaint, which are deemed admitted upon entry of default, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205–06 (5th Cir. 1975).  Federal Rule of Civil Procedure 8 requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered.  *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

Additionally, before entering a default judgment, a court has "an obligation to assure there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).  Damages may be awarded "only if the record adequately reflects the basis for [the] award." *Adolph*

3

*Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

### III. Analysis

#### A. Subject Matter Jurisdiction

Under 29 U.S.C. § 1132(a)(3), a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Further, under 29 U.S.C. § 1132(e)(1), "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title." The undersigned recommends that the Court has subject matter jurisdiction since at least two of the Plaintiffs, i.e., the Trustees, are fiduciaries of the Funds.

#### B. Plaintiffs' ERISA and Breach of Trust Claims

The undersigned recommends that Plaintiffs have sufficiently pleaded a claim for relief under the Employee Retirement Income Security Act of 1975 ("ERISA"), 29 U.S.C. Ch. 18. Under 29 U.S.C. § 1145:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such

4

> contributions in accordance with the terms and conditions of such plan or such agreement.

Plaintiffs have alleged that Defendant assented to the Collective Bargaining Agreement and Trust Agreement Rules, which require Defendant to make payments to the Funds and accurately report employee work status. (Doc. 6 at 5–6; Doc. 6-1.) Further, Plaintiffs have alleged that Defendant failed to make required contributions since October 2022 and failed to file monthly remittance reports concerning employees' covered work. (Doc. 6 at 6–7.) Thus, Plaintiffs have sufficiently pleaded that Defendant violated 29 U.S.C. § 1145, entitling Plaintiffs to relief on their first claim.

Plaintiffs have also stated valid claims on their second and third claims for Breach of Trust Agreement Rules. Defendant assented to a Collective Bargaining Agreement and associated Trust Agreement Rules. (Doc. 6 at 5–6; Doc. 6-1.) The Trust Agreement Rules require that Defendant allow books and records audits and make contributions to the Funds as per the Collective Bargaining Agreement. (Doc. 6 at 9–11; Doc. 6-3 at 1; Doc. 6-4.) Plaintiffs have alleged that Defendant did not comply with those requirements. (Doc. 6 at 6–12). Thus, Plaintiffs have sufficiently stated claims for breach of the Trust Agreement Rules.

### C. Plaintiffs' Audit Request

"When a collective bargaining agreement gives trustees the right to audit an employer's books and records, courts will enforce that right." *Trustees of Florida Carpenters Pension Fund v. Cook Retail Constr. Services, LLC,* 2023 WL

5

5182524, at *3 (M.D. Fla. July 13, 2023), report and recommendation adopted, Case No. 5:23-cv-76-JSM-PRL, 2023 WL 5173778 (M.D. Fla. Aug. 11, 2023) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 574 (1985)).  Under 29 U.S.C. § 1132(g)(2)(E), a prevailing fiduciary seeking to enforce 29 U.S.C. § 1145 is entitled to "such other legal or equitable relief as the court deems appropriate."  Additionally, "[i]f a defendant both defaults in an action to enforce contributions in accord with a collective bargaining agreement and refuses to permit the inspection of books and records, sufficient evidence exists from which to infer that the defendant intends to frustrate the judgment." *Board 11 Collective Account Trust v. Dale C. Rossman, Inc.*, 2019 WL 13246534, at *1 (M.D. Fla. Oct. 15, 2019) (citations omitted).  Indeed, when "the employer has not responded to a request to audit its records and it has failed to respond to an action for unpaid contributions, it is particularly permissible to permit an inspection of its books." *Trustees of Florida Carpenters Pension Fund*, 2023 WL 5182524 at *8.

Based on the above, the undersigned recommends that Plaintiffs are entitled to a books and records audit.  Defendant assented to the Collective Bargaining Agreement and associated Trust Agreement Rules, and "by failing to answer the complaint, Defendant admits that it was bound by [them]." *Trustees of Florida Carpenters Pension Fund,* 2023 WL 5182524, at *4; (Doc. 6 at 4–5; Doc. 6-1.)  The Payroll Audit Policy within the Trust Agreement Rules permits the Trustees to periodically audit employers' books and records. (Doc. 6-4.)   Despite this,

6

Defendant has not responded to the Trustees' requests, leaving Plaintiffs without knowledge of Defendant's unpaid contributions. (Doc. 6 at 12.) Because Plaintiffs' alleged facts support each element of their ERISA and Breach of Trust Claims, they are prevailing plaintiffs entitled to appropriate relief. Here, the undersigned recommends that it is appropriate to permit a records audit as Plaintiffs are unable to determine the amount of any unpaid contributions.

## IV.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 19**) be **GRANTED** to the extent that a partial default judgment as to liability be entered in favor of Plaintiffs and against Defendant.

2. The Court order Defendant to permit Plaintiffs to audit its books and records.

3. Within twenty-one days of the Court's Order, Plaintiffs be required to serve Defendant with a copy of that Order, and that Defendant be required to allow the audit within thirty days of service of the Order.

4. Plaintiffs be required to move for final default judgment or file a status report within ninety days of the Court's Order.

## Notice To Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a

copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on December 20, 2023.

                                                JOEL B. TOOMEY
                                                United States Magistrate Judge

Copies to:

The Honorable Brian J. Davis
United States District Judge

Counsel of Record